Harper *v.* State.

3L 211
8L 119
1pi 449

## HUGH HARPER *v.* THE STATE.

1. MALT LIQUORS. *Druggist. Physician's prescription.* A regular licensed druggist has the right to sell malt liquors upon the prescription of a regular practicing physician, but the selling or giving spirituous, vinous or malt liquors, except upon the prescription of a regular practicing physician, subjects the offender to the penalties prescribed by law for selling liquor without license.

2. SAME. *Same. Same.* If the prescription be a subterfuge to evade the law, the druggist, physician and buyer are liable to indictment or presentment.

### FROM GREENE.

Appeal in error from the Circuit Court of Greene county.    N. HACKER, J.

H. H. INGERSOLL for Harper.

ATTORNEY-GENERAL LEA for the State.

TURNEY, J., delivered the opinion of the court.

The plaintiff in error was presented and convicted for selling a glass of lager beer to John J. Mitchell within four miles of an incorporated institution of learning.

The defense is, the accused was a druggist, and sold the beer on the prescription of a physician. The defense is predicated of the act of 1870, ch. 51, secs. 51, 52, Thompson & Steger's Code, secs. 696a and 696b, which are, "that hereafter all regularly licensed druggists in this State, without obtaining an additional

license therefor, be and they are hereby authorized to furnish vinous liquor to any church officer to be used for sacramental or communion purposes, or to fill the prescription of any regular practicing physician prescribing spirituous or vinous liquors as a medical remedy.

"The sale or gift of any spirituous, vinous or malt liquors by any druggist in this State, except as provided in the first section of this act, shall be unlawful, and subject the person offending to all the penalties now prescribed by law for selling liquors without license."

This statute must be construed as a whole, and so construing it we must conclude the Legislature meant liquors might be given or sold upon the prescription of a practicing physician.

The second section of the act prescribes the penalty for a violation of the first, and includes malt with vinous and spirituous liquors. Taking the two sections together, and reading as the Legislature intended them, their interpretion is, that selling or giving spirituous, vinous or malt liquors, except upon the prescription of a practicing physician, shall subject the offender to all the penalties now prescribed by law for selling liquor without license.

It is suggested in argument that the prescription of a physician may be resorted to in fraud and defeat the law. When this is done, a question as to the conduct of the physician who indulges in such practices as well as of the tippler who confederates with him, and also of him who buys under such col-

lusion is presented for the consideration of grand juries and criminal courts.   Certainly the law is broad enough to embrace all violations of it, and in whatever shape they may come.

In this case the proof shows that "the prescription was one that run on indefinitely," and that the buyer "got beer on it oftener than once." These things demand an investigation whether the prescription in this particular case is not a mere subterfuge to evade the law, set on foot by the tippler, physician and buyer.   The record suggests the strong probability that all these have violated the law, and are amenable to the penalties denounced by it.

Reverse the judgment and remand the cause.